OPINION
{¶ 1} In 1981, defendant-appellant, Rusty E. Mootispaw, pled guilty to an amended indictment charging him with murder in violation of R.C.2903.02, and was sentenced to a term of 15 years to life in prison.
 {¶ 2} Since then, appellant has unsuccessfully filed a number of postconviction motions with the trial court, a number of which have been the subject of fruitless appeals.[1]
 {¶ 3} In this, his latest attempt to overturn his conviction, appellant appeals the denial of his motion to withdraw his guilty plea.
 {¶ 4} In his first assignment of error, appellant argues his plea was involuntary and violated due process of law due to misrepresentations made by his trial counsel. Based on the argument presented in this assignment of error, we presume that appellant is claiming the trial court erred by denying his motion to withdraw his guilty plea.
 {¶ 5} Crim.R. 32.1 allows a trial court to grant a post-sentence motion to withdraw a guilty plea in order to correct a manifest injustice. State v. Azan, Butler App. No. CA2003-09-247, 2004-Ohio-3347. A defendant seeking to withdraw a guilty plea after sentence bears the burden of establishing the existence of manifest injustice. State v.Smith (1977), 49 Ohio St.2d 261-264. Manifest injustice is defined as a "clear or openly unjust act." State ex rel. Schneider v. Kreiner,83 Ohio St.3d 203, 208, 1998-Ohio-271. This standard permits the accused to withdraw his guilty plea only in extraordinary circumstances. Smith at 264.
 {¶ 6} The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. Smith at paragraph two of the syllabus; Azan at ¶ 8. An appellate court will not reverse the trial court's decision absent an abuse of discretion. Statev. Xie (1992), 62 Ohio St.3d 521, 526.
 {¶ 7} Crim.R. 32.1 does not provide for a specific time limit after the imposition of sentence during which a motion to withdraw a guilty plea must be made. Nevertheless, "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Azan at ¶ 12, citing Smith at paragraph three of the syllabus. In the case at bar, appellant filed his motion to withdraw his guilty plea ten years after entering his plea. This length of time clearly militates against the granting of appellant's motion.Azan. See, also, State v. Berry, Butler App. No. CA2003-03-066, 2003-Ohio-5989.
 {¶ 8} Appellant knew of the alleged misrepresentations by counsel long before he filed his motion to withdraw his guilty plea. See State v.Mootispaw (Feb. 17, 1994), Fayette App. No. CA94-01-001 (entry denying motion for delayed appeal in which appellant alleged counsel was ineffective). Given the delay between the time appellant was obviously aware of the misrepresentations upon which he based his motion and the actual filing of the motion, we find no abuse of discretion on the part of the trial court in denying appellant's post-sentence motion to withdraw his guilty plea. The first assignment of error is overruled.
 {¶ 9} In his second assignment of error, appellant contends he was denied the effective assistance of counsel. In support of his position, appellant submits that trial counsel either misrepresented the prosecutor's position regarding sentencing or failed altogether to advise appellant of the prosecutor's sentencing position, and that counsel had a conflict of interest.
 {¶ 10} These particular issues were relevant to appellant's motion to withdraw his guilty plea. Since appellant knew of these allegations of misrepresentation long before he moved to withdraw his guilty plea, we find — for the same reasons expressed in our discussion of the first assignment of error — that these claims do not merit vacating appellant's guilty plea.
 {¶ 11} Appellant's remaining allegations, (1) the trial judge's failure to disqualify himself; (2) the trial court's failure to grant an evidentiary hearing on appellant's motion to withdraw his plea; and (3) the trial court's decision to allow the prosecutor to respond to appellant's motion, are all unrelated to the claim of whether trial counsel was ineffective and warrant no further consideration.
 {¶ 12} We also note that appellant has repeatedly raised the issue of ineffective assistance of trial counsel in the plethora of postconviction motions previously filed in this case. Time and again, the trial court and this court have found those arguments to be meritless.
 {¶ 13} Appellant's second assignment of error is not well taken and is hereby overruled.
 {¶ 14} Judgment affirmed.
Young, P.J., and Valen, J., concur.
Valen, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution. At the time this case was submitted, Judge Valen was a duly elected judge of the Twelfth District Court of Appeals.
[1] See State v. Mootispaw (Oct. 25, 2002), Fayette App. No. CA2002-01-003 (entry dismissing appeal); State v. Mootispaw (Apr. 2, 2001), Fayette App. No. CA2000-06-017; State v. Mootispaw (Aug. 23, 1999), Fayette App. No. CA99-01-001; State v. Mootispaw (Nov. 27, 1995), Fayette App. No. CA95-03-008; and State v. Mootispaw (Mar. 10, 1986), Fayette App. No. CA85-09-012.