OPINION
{¶ 1} Defendant-appellant, Douglas Finkbine, appeals the decision of the Warren County Court of Common Pleas, overruling his post-sentence motion to withdraw his guilty plea, without holding an evidentiary hearing. We affirm the trial court's decision.
 {¶ 2} In September 2004, appellant pled guilty to two counts of rape, in violation of R.C. 2907.02(A)(1)(b). Appellant was sentenced accordingly. In April 2005, appellant filed a motion to withdraw his guilty plea and a petition for postconviction relief. The trial court denied both, finding no merit to the allegations in the motion to withdraw the plea, and finding that appellant's petition for postconviction relief was untimely filed. He appeals, raising the following assignment of error related to the denial of the motion to withdraw his guilty plea:[1]
 {¶ 3} "THE TRIAL COURT ERRED IN DENYING THE APPELLANT AN EVIDENTIARY HEARING ON HIS MOTION TO WITHDRAW PLEA."
 {¶ 4} In his sole assignment of error, appellant argues that his trial counsel was ineffective, and consequently, that his plea was not knowingly, voluntarily or intelligently made. He concludes that the trial court erred by denying his motion to withdraw his guilty plea without first conducting an evidentiary hearing regarding this allegation.
 {¶ 5} Crim.R. 32.1 states that a trial court may grant a post-sentence motion to withdraw a guilty plea to correct "manifest injustice." A defendant seeking to withdraw a guilty plea post-sentence has the burden of establishing the existence of manifest injustice. State v. Francis, 104 Ohio St.3d 490,2004-Ohio-6894, ¶ 32, citing State v. Smith (1977),49 Ohio St.2d 261, 264. The manifest injustice standard permits a defendant to withdraw a guilty plea post-sentence only in extraordinary cases. Smith at 264. "When a trial court reviews a motion to withdraw a * * * plea, it decides, based upon the allegations in [the] motion, whether to hold an evidentiary hearing on the motion." State v. Nathan (1995),99 Ohio App.3d 722, 725, appeal not allowed, 74 Ohio St.3d 1403.
 {¶ 6} The decision to grant or deny a post-sentence motion to withdraw a guilty plea lies within the sound discretion of the trial court. Smith at paragraph two of the syllabus. Therefore, an appellate court will not reverse the trial court's decision absent an abuse of discretion, which connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. State v.Xie (1992), 62 Ohio St.3d 521, 526-527, citing State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 7} To establish a claim of ineffective assistance of counsel in the context of a motion to withdraw a guilty plea, appellant must show (1) that his counsel's performance was deficient; and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. Xie at 524, citing Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052; Hill v. Lockhart (1985), 474 U.S. 52,106 S.Ct. 366.
 {¶ 8} In support of the contention that his trial counsel was ineffective, appellant alleges that trial counsel applied undue pressure on him to agree to plead guilty, and argues that his attorney failed to investigate exculpatory evidence. Appellant claims that he pled guilty only because of his attorney's reassurances that doing so would allow him to "keep his family together." Appellant submitted affidavits of his family members to support his contention. Appellant concludes that these facts demonstrate that his plea was not knowingly, voluntarily, or intelligently made.
 {¶ 9} Review of the transcript of appellant's plea hearing clearly refutes this allegation. At the hearing, appellant acknowledged that he understood the nature of the crimes to which he was pleading, was advised of the potential penalties, and informed of the rights he would be surrendering by asserting a plea. The transcript shows that the colloquy between the trial court and appellant fully complied with Crim.R. 11, and that appellant had discussed the details of the plea agreement with his attorney to his satisfaction. The record clearly contradicts appellant's assertions and instead reflects a knowing, voluntary and intelligent plea, made in open court, with full knowledge of the charges and possible sentence.
 {¶ 10} Having reviewed the record, we conclude that trial court did not abuse its discretion in refusing to conduct a hearing on appellant's motion, and in denying the motion on its merits. The assignment of error is overruled.
 {¶ 11} Judgment affirmed.
Young and Bressler, JJ., concur.
[1] Appellant does not allege error with regard to the denial of his petition for postconviction relief. A motion to withdraw a guilty plea made pursuant to Crim.R. 32.1, regardless of whether it raises a constitutional issue, is separate and distinct from a petition for postconviction relief filed pursuant to R.C.2953.21. State v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶14. Because appellant has not raised an alleged error with regard to the denial of the petition for postconviction relief, we will not consider it in this appeal. See App. R. 12(A) and 16(A).