[Cite as *State v. Linder*, 2013-Ohio-5018.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99350**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLINT LINDER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-295789

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 14, 2013

**FOR APPELLANT**

Clint Linder, pro se
Inmate #281-728
Allen Correctional Institution
P.O. Box 4501
Lima, Ohio 45802


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Clint Linder ("Linder"), pro se, appeals the denial of his motion to withdraw his guilty plea. We find no merit to the appeal and affirm.

{¶2} In September 1993, Linder pleaded guilty to an amended count of aggravated murder, and the court sentenced him to 20 years to life in prison plus three years on a firearm specification. In October 1993, Linder filed a motion to withdraw his guilty plea, which was denied, and we affirmed the trial court's judgment. *State v. Linder*, 8th Dist. Cuyahoga No. 66549, 1994 Ohio App. LEXIS 5239 (Nov. 23, 1994) ("*Linder I*"). Nineteen years later, in October 2012, Linder filed a second motion to withdraw his guilty plea, which is the subject of this appeal.

{¶3} In the second motion, Linder argued his plea was invalid because the trial court made certain procedural errors at the time he entered his guilty plea. He also asserted that newly discovered evidence proves he is innocent. The trial court denied the motion without opinion. Linder now appeals and raises four assignments of error, which we address out of order for the sake of economy.

**Res Judicata**

{¶4} In the first assignment of error, Linder argues his plea is invalid in part because (1) a three-judge panel should have taken the plea, and (2) the trial court never made a finding of "prior calculation and design" to support the aggravated murder conviction. In the second assignment of error, he contends the trial court failed to determine whether he made his plea knowingly, intelligently, and voluntarily. In the

fourth assignment of error, Linder argues he was denied his constitutional right to the effective assistance of counsel because his trial counsel failed to inform him there was insufficient evidence to sustain a conviction and failed to request a competency hearing. All of these arguments are barred by res judicata.

{¶5} Res judicata prohibits the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17. Res judicata also bars the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on direct appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶ 9.

{¶6} Linder knew that a single judge rather than a three-judge panel accepted his plea at the time he pleaded guilty in 1993. He also knew the trial court did not make a finding on the record that Linder acted with "prior calculation and design" at the time of his plea because he pleaded guilty.

{¶7} Similarly, Linder could have raised his ineffective assistance of counsel claim in his first appeal. These are not new issues based on evidence outside the record. They were or could have been raised in his first appeal and are therefore barred by res judicata.

{¶8} Therefore, the second and fourth assignments of error are overruled.

### Findings of Fact and Conclusions of Law

{¶9} In the first assignment of error, Linder also argues the trial court erred in failing to make findings of fact and conclusions of law when it denied his second motion

to withdraw his guilty plea. "Such findings and conclusions assist an appellate court in reviewing the exercise of discretion, but are not required when ruling on a motion to withdraw a guilty plea." *State v. McNeal*, 8th Dist. Cuyahoga No. 82793, 2004-Ohio-50, ¶ 5. Crim.R. 32.1, which governs the withdrawal of guilty pleas, does not require the trial court to make findings of fact and conclusions of law. *State ex rel. Chavis v. Griffin*, 91 Ohio St.3d 50, 51, 741 N.E.2d 130 (2001). Therefore, the fact that the trial court did not make findings of fact and conclusions of law is not grounds for reversal.

{¶10} Accordingly, the first assignment of error is overruled.

## Newly Discovered Evidence

{¶11} In the third assignment of error, Linder contends he should have been permitted to withdraw his guilty plea because "newly discovered evidence" establishes his actual innocence. He also argues the court should have held an evidentiary hearing on his motion.

{¶12} Linder relies on Crim.R. 33 to support his argument. However, Crim.R. 33 governs motions for a new trial. Postsentence motions to withdraw a guilty plea are governed by Crim.R. 32.1, which states:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Thus, to withdraw a guilty plea after sentencing has taken place, a defendant must demonstrate the withdrawal is necessary to prevent manifest injustice. The defendant bears the burden of establishing the existence of manifest injustice. *State v. Smith*, 49

Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. This court has described "manifest injustice" as a

> "clear or openly unjust act," * * * "an extraordinary and fundamental flaw in the plea proceeding[,]" * * * a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.

*State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502, ¶ 13.

{¶13} A postsentence motion to withdraw a guilty plea may be granted only under extraordinary circumstances, and such a decision is within the trial court's discretion. *Smith* at 264. Accordingly, we review the trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion.

{¶14} In this case, Linder contends a single affidavit from Terry Russell ("Russell"), a recanting witness, is sufficient to demonstrate manifest injustice. In the affidavit, Russell asserts he was coerced into making a false statement to police that implicated Linder in the murder. However, recantations of prior witness statements must be examined with the utmost suspicion. *State v. Germany*, 8th Dist. Cuyahoga No. 63568, 1993 Ohio App. LEXIS 4687 (Sept. 30, 1993), citing *United States v. Lewis*, 338 F.2d 137, 139 (6th Cir.1964).

{¶15} Furthermore, the state's case was not based solely on this witness's statement. Linder identifies four witnesses who made statements implicating him in the murder, including his uncle, Lee Tisdale. In an affidavit of verity attached to his motion, Linder states: "That because of the alleged statement made by my (late) Uncle Lee

Tisdale (Crook), that they (defense attorney) [sic] could not properly defend me against his incriminating statements." Under these circumstances, Russell's recanted statement does not prove Linder's innocence and fails to demonstrate any injustice.

{¶16} Moreover, Linder has not asserted his innocence until now. A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 5, syllabus. Though not sworn testimony, Linder's trial counsel informed the court at the plea hearing that Linder turned himself in to police after the murder. Thus, Linder fails to show how "new evidence" from a recanting witness demands the withdrawal of his guilty plea to prevent manifest injustice.

{¶17} Accordingly, we overrule the third assignment of error.

{¶18} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the common pleas court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR