[Cite as *State v. Robinson*, 2013-Ohio-5672.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2013-05-085 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/23/2013 |
| - vs - | | |
| | : | |
| JOACHIM ROBINSON, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2007-11-1995

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Joachim Robinson, #656898, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Joachim Robinson, appeals pro se from the Butler County Court of Common Pleas decision denying his motion to withdraw his guilty plea. For the reasons outlined below, we affirm.

{¶ 2} According to the bill of particulars, on January 8, 2006, Robinson, along with his co-defendant, Christopher Stallworth, as well as another unnamed assailant, broke into the

Butler County residence of Andrew Donaby and Nicole Nesbitt. During this time, Donaby and Nesbitt's infant son was also inside the home. Once inside, the trio bound Nesbitt and forced her and her infant son to stay in a bedroom at gunpoint while they beat Donaby and doused him with hot oil. The intruders ultimately fled from the scene in Donaby's vehicle with an undisclosed sum of money and property.

{¶ 3} On December 5, 2007, while Robinson was in prison on unrelated charges, the Butler County grand jury returned a 17-count indictment against Robinson stemming from his role in the January 8, 2006 robbery. The indictment included charges of aggravated robbery, aggravated burglary, kidnapping, complicity to felonious assault, grand theft, and having weapons while under disability. After some delay, Robinson agreed to plead guilty to one count of each of the above named charges with an agreed aggregate sentence of 15 years in prison. The trial court accepted both the plea agreement and the agreed sentence at a hearing on May 7, 2009. Robinson did not appeal from his conviction or sentence.

{¶ 4} On March 20, 2013, nearly four years after entering his guilty plea, Robinson filed a pro se motion to withdraw his plea. As part of this motion, Robinson claimed he would not have pled guilty were it not for the allegedly false statements made by Stallworth to the police implicating him in the crime. Attached to Robinson's motion is an affidavit from Stallworth, Robinson's co-defendant, who now alleges he was "coerced" by police into making "fabricated false statements" implicating Robinson.[1]

{¶ 5} On April 30, 2013, the trial court issued its decision denying Robinson's motion to withdraw his guilty plea. In so holding, the trial court found Robinson had failed to establish the existence of a manifest injustice, thereby allowing him to withdraw his plea. Robinson now appeals from the trial court's decision, raising three assignments of error for

---

1. This court affirmed Stallworth's conviction and sentence resulting from his role in the January 8, 2006 robbery in *State v. Stallworth*, 12th Dist. Butler No. CA2009-07-202, 2010-Ohio-48.

review. For ease of discussion, Robinson's three assignments of error will be addressed together.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED IN DEFENDANT'S FIRST ASSIGNMENT OF ERROR WHEN IT FAIL TO GIVE FINDINGS OF FACTS AND CONCLUSION OF LAW. [sic]

{¶ 8} Assignment of Error No. 2:

{¶ 9} THE TRIAL COURT ERRED IN DEFENDANT-APPELLANT'S SECOND ASSIGNMENT OF ERROR WHEN TRIAL COURT FAIL TO ALLOWED DEFENDANT-APPELLATE'S TO WITHDRAW HIS GUILTY PLEA ON THE BASIS NOT KNOWINGLY, INTELLIGENTLY OR VOLUNTARILY MADE WHICH SHOW A PREJUDICIAL EFFECT. [sic]

{¶ 10} Assignment of Error No. 3:

{¶ 11} THE TRIAL COURT ERRED IN DEFENDANT-APPELLANT'S THIRD ASSIGNMENT OF ERROR WHEN IT FAIL TO MAKE FINDING OF FACTS AND CONCLUSION OF LAW ON DEFENDANT-APPELLANT'S INEFFECTIVE-ASSISTANCE CLAIMS. [sic]

{¶ 12} In his three assignments of error, Robinson argues the trial court erred by denying his motion to withdraw his guilty plea. We disagree.

{¶ 13} Pursuant to Crim.R. 32.1, "a motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a plea after the imposition of sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. In general, "manifest

- 3 -

injustice relates to a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. "The requirement of demonstrating a manifest injustice is designed to discourage a defendant from pleading guilty to test the weight of the potential reprisal, and later attempting to withdraw the plea if the sentence was unexpectedly severe." *Williams* at ¶ 13. This sets forth an "extremely high standard" that is "allowable only in extraordinary cases." *State v. Hopkins*, 12th Dist. Butler No. CA2012-12-246, 2013-Ohio-3674, ¶ 9; *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6.

{¶ 14} The decision to grant or deny a motion to withdraw a guilty or no contest plea is within the trial court's sound discretion. *State v. Carter*, 12th Dist. Clinton Nos. CA2010-07-012 and CA2010-08-016, 2011-Ohio-414, ¶ 16. In turn, an appellate court reviews a trial court's decision to deny a motion to withdraw a plea under an abuse of discretion standard. *State v. Ward*, 12th Dist. Clermont No. CA2008-09-083, 2009-Ohio-1169, ¶ 8, citing *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, ¶ 32. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Kelly*, 12th Dist. Butler No. CA2013-01-020, 2013-Ohio-3675, ¶ 20; *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 15} Throughout his three assignments of error, Robinson argues the trial court erred by denying his motion to withdraw his guilty plea when it failed to provide findings of fact and conclusions of law. However, "a trial court, when denying a motion to withdraw a guilty plea, is not required to make and file findings of fact and conclusions of law." *State v. Johnson*, 12th Dist. Butler Nos. CA2010-12-327 and CA2011-02-019, 2011-Ohio-3015, ¶ 14, quoting *State v. Combs*, 11th Dist. Portage No. 2007-P-0075, 2008-Ohio-4158, ¶ 49; *State v. Davis*, 158 Ohio App.3d 478, 2004-Ohio-5354, ¶ 16 (4th Dist.). In fact, as noted by the Ohio

Supreme Court, "Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea." *State ex rel. Chavis v. Griffin*, 91 Ohio St.3d 50, 51 (2001). Robinson's claim otherwise is therefore without merit and overruled.

{¶ 16} Next, Robinson argues the trial court erred in denying his motion to withdraw his guilty plea because his plea was not knowingly, intelligently and voluntarily made. The basic tenets of due process require that a guilty plea be made "knowingly, intelligently, and voluntarily." *State v. Manis*, 12th Dist. Butler No. CA2011-03-059, 2012-Ohio-3753, ¶ 10, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). However, Robinson does not argue that his guilty plea was not knowingly, intelligently, or voluntarily made due to the trial court's failure to provide him with the necessary plea colloquy under Crim.R. 11(C). *See generally State v. Whitaker*, 12th Dist. Preble No. CA2012-10-013, 2013-Ohio-4434, ¶ 9. Rather, Robinson merely argues his guilty plea is invalid based on the so-called "new evidence" of Stallworth's recantation of his prior statements to police implicating Robinson in the crime.

{¶ 17} Although the affidavit from Stallworth alleges Robinson was not involved in the January 8, 2006 robbery, it is well-established that the "good faith, credibility, and weight of the movant's assertions in support of the motion are matters to be resolved" by the trial court. *State v. McGlosson*, 12th Dist. Butler No. CA2012-03-057, 2013-Ohio-774, ¶ 32. Moreover, "Ohio courts have consistently held that affidavits from interested parties such as defendants, co-defendants, and family members are self-serving and may be discounted." *State v. Nicholson*, 8th Dist. Cuyahoga No. 97873, 2012-Ohio-4591, ¶ 19. The trial court, therefore, could properly determine the affidavit from Stallworth, Robinson's co-defendant whose conviction and sentence were already affirmed by this court on direct appeal, lacked sufficient credibility.

{¶ 18} Furthermore, "recantations of prior witness statements must be examined with

the utmost suspicion." *State v. Linder*, 8th Dist. Cuyahoga No. 99350, 2013-Ohio-5018, ¶ 14; *see also United States v. Chambers*, 944 F.2d 1253, 1264 (6th Cir.1991) (stating "[r]ecanting affidavits and witnesses are viewed with extreme suspicion"). This is especially true here considering the significant lapse in time spanning nearly four years between when Robinson entered his guilty plea and when he filed his motion to withdraw.

{¶ 19} Generally, "the delayed disclosure of a witness's recantation weighs against the believability and truthfulness of the witness." *Houston v. State*, 8th Dist. Cuyahoga No. 98118, 2012-Ohio-4404, ¶ 41. As this court has consistently stated, "an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Resendiz*, 12th Dist. Preble No. CA2009-04-012, 2009-Ohio-6177, ¶ 22, quoting *Smith*, 49 Ohio St.2d 261 at paragraph three of the syllabus. In turn, just as the trial court found, the length of time here clearly militates against the granting of Robinson's motion. *See State v. Mootispaw*, 12th Dist. Fayette No. CA2004-02-007, 2005-Ohio-2372, ¶ 7.

{¶ 20} Robinson also claims he was steadfast in asserting his innocence, thereby requiring the trial court to allow him to withdraw his guilty plea. However, besides Robinson's bare assertions to the contrary, there is nothing in the record to support this claim. "A defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, syllabus. In other words, by entering a guilty plea, Robinson not only stated that he did the acts described in the indictment, but he also admitted guilt of the substantive crime. *State v. Fuller*, 12th Dist. Butler No. CA2008-09-240, 2009-Ohio-5068, ¶ 105.

{¶ 21} As noted by the Eleventh District Court of Appeals, "a change in potential testimony of a state's witness is insufficient to withdraw a plea postsentence." *State v.*

*Hudach*, 11th Dist. Trumbull No. 2003-T-0110, 2004-Ohio-6949, ¶ 46. Therefore, we find Robinson has failed to show how this so-called "new evidence" from Stallworth demands the withdrawal of his guilty plea in order to prevent a manifest injustice. Robinson's argument to the contrary is without merit and overruled.

{¶ 22} Finally, Robinson argues the trial court erred in denying his motion to withdraw his guilty plea because he received ineffective assistance of counsel. Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea. *State v. Eberle*, 12th Dist. Clermont No. CA2009-10-065, 2010-Ohio-3563, ¶ 56; *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, ¶ 8 (8th Dist.). When an alleged error underlying a motion to withdraw a guilty plea is the ineffective assistance of counsel, such as the case here, the defendant must show (1) his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *State v. Finkbine*, 12th Dist. Warren No. CA2005-06-068, 2006-Ohio-1788, ¶ 7; *State v. Xie*, 62 Ohio St.3d 521, 524 (1992). Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Hendrix*, 12th Dist. Butler No. CA2012-05-109, 2012-Ohio-5610, ¶ 14.

{¶ 23} In support of this claim, Robinson argues his trial counsel was ineffective when he disregarded Robinson's claims of innocence and advised Robinson that he "would be convicted and spend a lot of time in prison" if he declined the state's plea offer. However, "an attorney's advice to take a plea deal is not ineffective assistance of counsel." *See State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. Rather, these alleged deficiencies, even if true, constitute nothing more than counsel's attempts to provide Robinson with informed advice, to relay worst case scenarios to him, and to make recommendations to him on how to proceed. *See Eberle*, 2010-Ohio-3563 at ¶ 57. This certainly cannot be classified as ineffective assistance of counsel.

{¶ 24} Moreover, as part of his signed guilty plea, Robinson specifically acknowledged that his trial counsel advised him of the impact of his guilty plea, that he understood the ramifications of making such a plea, and that he was satisfied with counsel's advice and competence. The trial court, therefore, did not abuse its discretion in declining Robinson's request to withdraw his guilty plea based on his trial counsel's alleged ineffective assistance.

{¶ 25} In light of the foregoing, having found no merit to any of the claims advanced by Robinson within his three assignments of error, we find the trial court did not abuse its discretion in denying Robinson's motion to withdraw his guilty plea. *See, e.g., State v. Youngblood*, 2d Dist. Montgomery No. 21078, 2006-Ohio-4390, ¶ 12 (finding claims of ineffective assistance of counsel and witness recantation are not grounds to permit a withdrawal of guilty plea). Accordingly, finding no error in the trial court's decision, Robinson's three assignments of error are overruled.

{¶ 26} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.