[Cite as *State v. Ogletree*, 2014-Ohio-3431.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

STATE OF OHIO

      Plaintiff-Appellee

v.

CHRISTOPHER OGLETREE

      Defendant-Appellant

Appellate Case No.    2014-CA-16

Trial Court Case No.   2012-CR-476

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 8th day of August, 2014.

. . . . . . . . . . .

RYAN A. SAUNDERS, Assistant Clark County Prosecuting Attorney, Atty. Reg. No. 0091678, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CHRISTOPHER OGLETREE, Inmate No. 666-730, Madison Correctional Institute, 1851 State Route 56, P.O. Box 740, London, Ohio 43140
      Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1}    Defendant-appellant, Christopher Ogletree, appeals pro se from the judgment of the Clark County Court of Common Pleas overruling his post-sentence motion to withdraw guilty plea.   For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2}    On July 9, 2012, Ogletree was charged in an eight-count indictment for trafficking cocaine, possessing cocaine, trafficking heroin, possessing heroin, failing to comply with the order or signal of a police officer, obstructing justice, and two counts of tampering with evidence.   Ogletree initially pled not guilty to all the charges, but changed his plea after entering into a plea agreement with the State.   On January 8, 2013, Ogletree pled guilty to trafficking in cocaine in violation of R.C. 2925.03(A)(2) and possession of heroin in violation of R.C. 2925.11(A), both felonies of the second degree, as well as failure to comply with the order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the third degree.   The remaining five counts of the indictment were dismissed pursuant to the plea agreement.

{¶ 3}    As part of the plea agreement, Ogletree, who was then represented by counsel, agreed with the State to consecutively serve five years in prison for trafficking cocaine, four years in prison for possessing heroin, and one year in prison for failing to comply with the order or signal of a police officer, for a total aggregate prison term of 10 years.   It was also agreed that Ogletree would serve the 10-year prison sentence concurrently with a 15-month prison sentence that he had received in an unrelated case.   Immediately following Ogletree's guilty plea, the trial court proceeded to sentencing and imposed the agreed-upon sentence.

{¶ 4}    Almost a year after his conviction, on December 2, 2013, Ogletree filed a motion to withdraw his guilty plea with a supporting affidavit.   In the motion, Ogletree argued that his guilty plea was not made knowingly, intelligently, and voluntarily due to the ineffective assistance of his trial counsel.   Specifically, Ogletree claimed that his counsel was ineffective in failing to: (1) make a statement in allocution at sentencing; (2) object to his sentence on allied offense grounds; and (3) object to the imposition of consecutive sentences.   Ogletree also made a general allegation in his affidavit that his trial counsel failed to adequately confer and consult with him prior to entering his plea.   In addition, Ogletree requested an evidentiary hearing on the motion.

{¶ 5}    On January 16, 2013, the trial court issued a written decision overruling Ogletree's motion to withdraw guilty plea on grounds that he failed to establish a manifest injustice warranting the withdrawal of his plea.   The court rendered its decision without holding an evidentiary hearing.   Ogletree now appeals from the trial court's decision overruling his motion to withdraw guilty plea, raising four assignments of error for review.

**Assignment of Error No. I**

{¶ 6}        Ogletree's First Assignment of Error is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS AS GUARANTEED BY THE OHIO AND U.S. CONSTITUTION WHERE THE COURT FAILED TO MAKE AND FILE ANY FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATIVE TO

WHY AN EVIDENTIARY HEARING WAS NOT ORDERED AND WHY APPELLANT WAS NOT ENTITLED TO RELIEF.

{¶ 7}   Under his First Assignment of Error, Ogletree contends that the trial court erred in overruling his motion to withdraw guilty plea without making findings of fact and conclusions of law.   While the trial court did not issue a journal entry specifically entitled "findings of fact and conclusions of law," the trial court's written decision of January 16, 2013, explains why Appellant was not entitled to relief on his motion to withdrawal guilty plea.   Regardless of this fact, "Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea."   (Citations omitted.)   *State ex rel. Chavis v. Griffin*, 91 Ohio St.3d 50, 741 N.E.2d 130 (2001); *State v. Linder*, 8th Dist. Cuyahoga No. 99350, 2013-Ohio-5018, ¶ 9.   Accordingly, the trial court did not err in that regard.

{¶ 8}   Ogletree's First Assignment of Error is overruled.

**Assignment of Error Nos. II and III**

{¶ 9}   For purposes of convenience, we will address Ogletree's Second and Third Assignments of Error together.   They are as follows:

II.   IT WAS PREJUDICIAL ERROR IN VIOLATION OF DEFENDANT-APPELLANT['S] ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS OF LAW UNDER THE OHIO AND U.S. CONSTITUTION FOR THE TRIAL COURT TO SUMMARILY DISMISS THE MOTION TO WITHDRAW GUILTY PLEA WITHOUT FIRST ORDERING AND CONDUCTING AN EVIDENTIARY

HEARING BEFORE ENTERING JUDGMENT.

III.   THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHERE THE COURT FAILED TO FIND THAT APPELLANT'S CLAIMS HAD MERIT IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS UNDER THE OHIO AND U.S. CONSTITUTION.

{¶ 10}  Under his Second Assignment of Error, Ogletree contends that the trial court erred in overruling his motion to withdraw guilty plea without holding an evidentiary hearing. For his Third Assignment of Error, Ogletree contends that the trial court erred in overruling his motion to withdraw guilty plea, because the claims in his motion and affidavit alleging ineffective assistance of counsel were sufficient to warrant the withdrawal of his plea. We disagree.

{¶ 11}  We review a trial court's decision on a post-sentence motion to withdraw guilty plea and on a decision granting or denying a hearing on the motion for an abuse of discretion. (Citation omitted.)  *Xenia v. Jones*, 2d Dist. Greene No. 07-CA-104, 2008-Ohio-4733, ¶ 6; *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 27.  "An abuse of discretion is the trial court's ' "failure to exercise sound, reasonable, and legal decision-making." ' "  *State v. Perkins*, 2d Dist. Montgomery No. 24397, 2011-Ohio-5070, ¶ 16, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62.  (Other citation omitted.)  "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 12}  Crim.R. 32.1 provides that a trial court may grant a defendant's post-sentence

–6–

motion to withdraw a guilty plea only to correct a manifest injustice. Accordingly, a defendant who moves to withdraw his plea bears the burden of establishing a manifest injustice. Crim.R. 32.1; *State v. Harris*, 2d Dist. Montgomery No. 19013, 2002-Ohio-2278, ¶ 7, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. " 'A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.' " *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, quoting *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746, *2 (Aug. 20, 1999). Under this standard, a post sentence motion to withdraw is allowable only in extraordinary cases. *Smith* at 264.

{¶ 13} " 'A hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea.' " *State v. Mogle*, 2d Dist. Darke Nos. 2013-CA-4, 2013-CA-5, 2013-Ohio-5342, ¶ 17, quoting *State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12. (Other citation omitted.) In other words, "[t]o obtain a hearing, 'a movant must establish a reasonable likelihood that the withdrawal is necessary to correct a manifest injustice[.]' " *State v. Tunstall*, 2d Dist. Montgomery No. 23730, 2010-Ohio-4926, ¶ 9, quoting *State v. Whitmore*, 2d Dist. Clark No. 06-CA-50, 2008-Ohio-2226, ¶ 11. "[W]e have held that no hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." (Citations omitted.) *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6.

**{¶ 14}** In this case, and as noted above, Ogletree claims that a manifest injustice occurred because he did not knowingly, intelligently, or voluntarily plead guilty as a result of his trial counsel failing to: (1) make a statement in allocution at sentencing; (2) object to his sentence on allied offense grounds; and (3) object to the imposition of consecutive sentences. Each of these claims concern counsel's performance at sentencing and have no bearing on the validity of his plea or the trial court's decision on his motion to withdraw guilty plea. Accordingly, these claims have no merit.

**{¶ 15}** Ogletree also claims that his trial counsel failed to adequately confer and consult with him prior to pleading guilty. Even if we accept this claim as true, Ogletree's motion and affidavit fail to cite any facts in the record establishing that his counsel's alleged ineffectiveness resulted in his plea not being knowingly, intelligently, and voluntarily made. Ogletree also failed to provide this court with a transcript of the plea hearing. It is well-established that "an appellate court cannot determine whether manifest injustice occurred at a plea hearing, where the defendant fails to provide a transcript[.]" *State v. Kerby*, 2d Dist. Clark No. 09-CA-39, 2010-Ohio-562, ¶ 17, citing *State v. Smith*, 11th Dist. Trumbull No. 2007-T-0076, 2008-Ohio-1501, ¶ 20. In the absence of a plea hearing transcript, we must presume the regularity of the proceedings below. *State v. Wright*, 2d Dist. Montgomery Nos. 23330, 23403, 23404, 23521, 2010-Ohio-1899, ¶ 14.

**{¶ 16}** Ogletree's only support for his claim that his plea was not knowingly, intelligently, and voluntarily made is a bare assertion in his self-serving affidavit. His bare assertion alone is insufficient to overcome the presumption that his plea was valid. *See Burkhart* at ¶ 12 ("Where nothing in the record supports a defendant's claim that his plea was not

knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary"). Therefore, because the record indicates that Ogletree failed to demonstrate a manifest injustice as a result of his trial counsel's alleged ineffective assistance, we do not find that the trial court abused its discretion in failing to hold a hearing on the motion to withdraw guilty plea and also in overruling the motion.

{¶ 17}   Ogletree's Second and Third Assignments of Error are overruled.


**Assignment of Error No. IV**

{¶ 18}   Ogletree's Fourth Assignment of Error is as follows:

[THE] TRIAL COURT ERRED TO THE PREJUDICE [OF] DEFENDANT-APPELLANT BY IMPOSING A SENTENCE THAT WAS CONSECUTIVE IS AN ABUSE OF DISCRETION [sic] IN VIOLATION OF HIS ABSOLUTE RIGHT TO PROCEDURAL DUE PROCESS UNDER OHIO AND UNITED U.S. [sic] CONSTITUTION.

{¶ 19}   Under his Fourth Assignment of Error, Ogletree contends that the trial court erred in imposing consecutive sentences without satisfying the requirements set forth in R.C. 2929.14(C)(4).   Ogletree also argues that the trial court erred in failing to merge his offenses as allied offenses of similar import.   Both of these claims lack merit.

{¶ 20}   As a preliminary matter, we note that Ogletree's appeal is from the trial court's judgment overruling his post-sentence motion to withdraw guilty plea.   The only issue decided by the trial court in that judgment was whether Ogletree demonstrated a manifest injustice warranting the withdrawal of his plea.   Accordingly, the only question presently before this court

is whether the trial court's decision on the manifest injustice issue was an abuse of discretion. Therefore, the alleged sentencing errors raised by Ogletree under this assignment of error are beyond the scope of this appeal.

{¶ 21} Moreover, "[u]nder the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Citations omitted.) *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996), syllabus. "More specifically, a criminal defendant cannot raise any issue in a postsentence motion to withdraw a guilty plea that was or could have been raised at trial or on direct appeal." (Citations omitted.) *State v. Brown*, 167 Ohio App.3d 239, 2006-Ohio-3266, 854 N.E.2d 583, ¶ 7 (10th Dist.). " 'This, in effect, prevents a criminal defendant from having a second bite at the apple. If a defendant believes that the trial court has committed an error, then he should raise that error at the first possible opportunity, not in a collateral attack.' " *State v. Reed*, 7th Dist. Mahoning No. 04 MA 236, 2005-Ohio-2925, ¶ 13, quoting *State v. White*, 7th Dist. Mahoning No. 03 MA 168, 2004-Ohio-2809, ¶ 20. (Other citation omitted.)

{¶ 22} Here, Ogletree's sentence-related arguments could have been raised in a direct appeal from his judgment of conviction. Because he did not appeal from his judgment of conviction, he is barred by the doctrine of res judicata from collaterally attacking it now.

{¶ 23} Ogletree's Fourth Assignment of Error is overruled.

## Conclusion

{¶ 24}  Having overruled all of Ogletree's assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Ryan A. Saunders
Christopher Ogletree
Hon. Douglas M. Rastatter