[Cite as *State v. Hager*, 2017-Ohio-5670.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-12-011 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/3/2017 |
| - vs - | | |
| | : | |
| STEVEN A. HAGER, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 16-CR-12065


Martin P. Votel, Preble County Prosecuting Attorney, Eric E. Marit, Courthouse, 1st Floor, 101 East Main Street, Eaton, Ohio 45320, for plaintiff-appellee

Muenchenbach Law Office, LLC, Brian A. Muenchenbach, 309 East Barron Street, Eaton, Ohio 45320, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Steven A. Hager, appeals from his conviction in the Preble County Court of Common Pleas after he pled guilty to one count of aggravated possession of drugs. For the reasons outlined below, we affirm.

{¶ 2} On August 1, 2016, the Preble County Grand Jury returned an indictment charging Hager with one count of aggravated possession of drugs in violation of R.C.

2925.11(A)(C)(1)(b) and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), both third-degree felonies. The charges stemmed from allegations Hager possessed a bulk amount of methamphetamine following his arrest on unrelated charges, drugs he then attempted to hide in the police cruiser upon being transported to jail.

{¶ 3} On October 11, 2016, Hager entered a guilty plea to aggravated possession of drugs in exchange for the tampering with evidence charge being dismissed. Thereafter, upon properly informing Hager of the maximum penalty he faced, the trial court accepted Hager's guilty plea. The trial court then requested a presentence-investigation report and scheduled the matter for sentencing.

{¶ 4} On November 22, 2016, the parties reconvened for purposes of sentencing. During this time, Hager's trial counsel asked the trial court to consider placing Hager on probation rather than sending him to prison. Hager's trial counsel further referenced an in-chambers conversation regarding whether there was any commitment made regarding sentencing. The following exchange then occurred:

> THE COURT: You are reminding me about some time ago. Was there a commitment made because I don't recall one.
>
> [TRIAL COUNSEL]: The Court said that it would be, that we would do a, we agreed to do a [presentence investigation], and the Court said it would either be 18 months or probation, and it would be up to you.
>
> THE COURT: So the commitment was it was not going to be more than 18 months?
>
> [TRIAL COUNSEL]: Right.
>
> THE COURT: Sir, is there anything you want to say?
>
> MR. HAGER: She pretty much covered what I wanted to say. I've got a few things. I've got cancer, [inaudible] bunch of excuses, but I ain't going to waste your time.

{¶ 5} Following this exchange, the trial court then asked if there was anything from

the state, to which the state replied: "Nothing other than the letter submitted, Your Honor. The State recommended two years in the Department of Corrections for this Defendant." The trial court then sentenced Hager, stating, in pertinent part, the following:

> The Court has received and reviewed a presentence-investigation report. And after reviewing that and considering the Defendant's record, it is the judgment of the Court that the Defendant will serve a sentence of 18 months in the custody of the Ohio Department of Rehabilitation and Correction.

The trial court also ordered Hager to pay court costs and lab fees and notified Hager that he was subject to an optional period of up to three years of postrelease control.

{¶ 6}  Hager now appeals, raising two assignments of error for review.

{¶ 7}  Assignment of Error No. 1:

{¶ 8}  MR. HAGER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, BECAUSE IT IS REASONABLY PROBABLE THAT, EXCEPT FOR ERRORS OF HIS COUNSEL, THE PROCEEDING'S OUTCOME WOULD HAVE BEEN DIFFERENT.

{¶ 9}  In his first assignment of error, Hager argues he received ineffective assistance of counsel because he was "under the assumption that he would receive probation based on discussing the case with his counsel." Hager also argues he received ineffective assistance of counsel because his trial counsel allegedly failed to meet with the judge and prosecutor before sentencing in order to confirm any sentencing agreement between the parties. We disagree.

{¶ 10} To prevail on an ineffective assistance of counsel claim, Hager must show his trial counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). In this case, however, based on a simple review of the record, it is clear Hager received the exact plea agreement he had bargained for as part of his plea negotiations; namely, the dismissal of the tampering with evidence charge in exchange for his guilty plea to aggravated possession of drugs, a charge

that, based on an in-chambers discussion, included an agreed sentence not to exceed 18 months in prison. As a result, because this is not a case in which Hager was incorrectly informed of the consequences of entering a guilty plea or of the maximum penalty he faced, Hager cannot demonstrate that his trial counsel's performance was deficient or that he was prejudiced as a result. The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *State v. Clarke*, 12th Dist. Butler No. CA2015-11-189, 2016-Ohio-7187, ¶ 49.

{¶ 11} While Hager claims his trial counsel led him to believe he would likely be placed on probation, we find this falls well short of what would constitute ineffective assistance and is otherwise unsupported by the record properly before this court. Moreover, as this court has stated previously, "'an attorney's advice to take a plea deal is not ineffective assistance of counsel.'" *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23, quoting *State v. Shugart*, 7th Dist. Mahoning No. 08 MA 238, 2009-Ohio-6807, ¶ 37. Again, nothing in the record provides any support for Hager's claim that there was a "strong likelihood" of him being placed on probation. Rather, the record fully demonstrates that Hager was aware of the maximum penalty he faced prior to entering his guilty plea, and that he would be sentenced to either probation or to a period of up to 18 months in prison at his sentencing hearing. Therefore, because we find the record fails to support Hager's claim that he received ineffective assistance of counsel, Hager's first assignment of error lacks merit and is overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} DEFENDANT-APPELLANT WAS DENIED DUE PROCESS THROUGH PROSECUTORIAL MISCONDUCT.

{¶ 14} In his second assignment of error, Hager argues the state engaged in prosecutorial misconduct when it submitted a letter to the trial court for purposes of

- 4 -

sentencing without also disclosing that letter to his trial counsel. However, as noted by the state, there is nothing in the record indicating the state did not also disclose such a letter to Hager's trial counsel prior to sentencing, either affirmatively or negatively. In fact, no such letter exists anywhere in the record now properly before this court. "The burden of affirmatively demonstrating error on appeal and substantiating one's arguments in support thereof falls upon the appellant." *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 7. Therefore, Hager's claim that the state failed to disclose a letter to his trial counsel that it had previously provided to the trial court for purposes of sentencing is without merit as it is based on nothing more than pure speculation. We will not reverse a conviction based on speculation.

{¶ 15} Regardless, even accepting Hager's claim as true, which we do not, there is nothing in the record to indicate Hager suffered any resulting prejudice therefrom. Rather, as noted above, the record clearly indicates Hager received the exact plea agreement he had bargained for as part of his plea negotiations. In fact, the record indicates Hager received an even better plea deal when considering the state, at sentencing, requested the trial court sentence Hager to a period of 24 months in prison, rather than the bargained for maximum term of 18 months. Because Hager failed to object to this claimed instance of prosecutorial misconduct, he has waived all but plain error. *State v. Pence*, 12th Dist. Warren No CA2012-05-045, 2013-Ohio-1388, ¶ 45. We find no error, let alone plain error, when considering the record properly before this court. Therefore, finding the state did not engaged in prosecutorial misconduct, Hager's second assignment of error also lacks merit and is overruled.

{¶ 16} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.