OPINION
{¶ 1} Defendant-appellant Andrea R. Lamson appeals the August 2, 2006 Judgment Entry of the Muskingum County Court of Common Pleas sentencing appellant to sixteen months in prison. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On June 16, 2006, appellant entered a plea of guilty to one count of trafficking in crack cocaine with a juvenile and forfeiture specification, a fourth degree felony, pursuant to a negotiated plea agreement. In exchange for appellant's guilty plea, the State recommended the trial court impose a three year term of community control. In the event appellant failed to successfully complete the term of community control, the State recommended, in the alternative, a term of seventeen months imprisonment.
 {¶ 3} Prior to sentencing, the trial court requested a presentence investigation. On July 24, 2006, the trial court conducted a sentencing hearing. Via Judgment Entry of August 2, 2006, the trial court declined to follow the State's recommendation of community control, instead sentencing appellant to sixteen months in prison.
 {¶ 4} Appellant now appeals, assigning as error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT CONSIDERING RC § 2929.11 AND § 2929.12."
 {¶ 6} In the sole assignment of error, appellant asserts the trial court should have followed the State's recommendation in sentencing and the sentence imposed is contrary to the Ohio sentencing guidelines. *Page 3 
 {¶ 7} As a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits. See, generally, Toledo v. Reasonover (1965), 5 Ohio St.2d 22, 24,34 O.O.2d 13, 14, 213 N.E.2d 179, 180-181. See, also, State v. Cassidy (1984),21 Ohio App.3d 100, 102, 21 OBR 107, 108-109, 487 N.E.2d 322, 323;State v. Burge (1992), 82 Ohio App.3d 244, 249, 611 N.E.2d 866, 869; andState v. Grigsby (1992), 80 Ohio App.3d 291, 302, 609 N .E.2d 183, 190.
 {¶ 8} Ohio Revised Code Section 2929.12 sets forth the factors the trial court should consider in sentencing. It is well-established, though, that a trial court is not bound by a prosecutor's recommendations at sentencing. State v. Rink, 6th Dist. No. L-02-1307, 2003-Ohio-4097, at ¶ 5. When a trial court imposes a greater sentence than recommended in the plea agreement, and when the defendant is forewarned of the applicable maximum penalties, there is no error on behalf of the trial court if it imposes a more severe sentence than was recommended by the prosecutor. State v. Darmour (1987),38 Ohio App.3d 160, 160-161, 529 N.E.2d 208.
 {¶ 9} In accepting appellant's plea, the trial court specifically stated on the record:
 {¶ 10} "The Court: In exchange for your pleas of guilty here — plea of guilty here today, the State is recommending that you be placed on community control for three years; you be ordered to submit to a drug evaluation and follow all recommendations; that you agree to testify against co-defendants at trial if necessary; you agree to forfeit $199 in cash seized at the time of arrest, and if you fail to successfully complete the terms and conditions of your community control, the State is recommending an alternate *Page 4 
sentence of 17 months in prison. Is that your understanding of what the State is recommending?
 {¶ 11} "Ms. Lamson: Yes, sir.
 {¶ 12} "The Court: And have you been promised anything else or threatened in any way in order for you to change your plea to guilty here today?
 {¶ 13} "Ms. Lamson: No, sir.
 {¶ 14} "The Court: You understand that the prosecutor's recommendation is not binding on this Court, and at sentencing I do not have to follow it?
 {¶ 15} "Ms. Lamson: Yes, sir."
 {¶ 16} Tr. at 8-9
 {¶ 17} At the sentencing hearing the following exchange occurred:
 {¶ 18} "The State's recommendation was that you be placed on community control for three years, submit to a drug and alcohol evaluation, and follow all recommendations set forth in the drug and alcohol evaluation which was for treatment.
 {¶ 19} "You were screened by the Franklin County Community Based Corrections Facility on June 30th of this year. That notice states that you stated that you did not want the program and wanted to talk to your attorney because this is not what she wanted. The defendant didn't feel she needed help or needed to work on things the program had to offer. She was emphatic in her verbal statement that she did not want to be placed in the community based facility. So you were denied admission into the program.
 {¶ 20} "Through your drug and alcohol evaluation, it was revealed that you used crack-cocaine, used it on a daily basis from November, `05. She smoked daily until her *Page 5 
arrest on or about March 8th of 2006. The defendant reported that her use was approximately $40 a day. That's in addition to prior drug use leading up to that.
 {¶ 21} "* * *
 {¶ 22} "The Court: Based upon that, Mr. Bryan, anything else you'd like to say prior to sentencing for Ms. Lamson?
 {¶ 23} "Mr. Bryan: Nothing further, Your Honor.
 {¶ 24} "The Court: Okay. On Count 1, trafficking in drugs, Ms. Lamson, you will be sentenced to 16 months in prison. You will be given credit for time served. You will be ordered to pay the court costs. Your driver's license will be suspended for a period of one year.
 {¶ 25} "* * *
 {¶ 26} "The Court: Do you have any questions about this?
 {¶ 27} "The Defendant: You say 16 months?
 {¶ 28} "The Court: Yes. Mr. Bryan, anything further?
 {¶ 29} "Mr. Bryan: Nothing further, Your Honor."
 {¶ 30} Tr. at 6-8
 {¶ 31} In addition, the plea agreement signed by appellant specifically states, "I further understand that the Prosecutor's recommendation does not have to be followed by the Court."
 {¶ 32} Based upon the statements of the trial court to Appellant at both stages of the proceeding and the clear holdings in the case law set forth above, we do not find the trial court abused its discretion under R.C. 2929.11 and R.C. 2929.12 in sentencing appellant to prison, nor do we find any violation of a plea agreement. Appellant's sole *Page 6 
assignment of error is overruled, and the August 2, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed.
 By: Hoffman, P.J. Edwards, J. and Delaney, J. concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, appellant's sole assignment of error is overruled, and the August 2, 2006 Judgment Entry of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1