[Cite as *State v. Hixson*, 2017-Ohio-2732.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2016-10-191 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 5/8/2017 |
| - vs - | | |
| | : | |
| WILLIAM PATRICK HIXSON, JR., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-06-0816

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott Blauvelt, 315 South Monument, Hamilton, Ohio 45011, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, William Patrick Hixson, Jr., appeals from the decision of the Butler County Court of Common Pleas denying his request for jail-time credit after he pled guilty to single counts of aggravated possession of drugs and having weapons while under disability. For the reasons outlined below, we affirm.

{¶ 2} On June 5, 2016, Hixson was arrested and a complaint was filed alleging several charges, including the two above named offenses, after Hixson was discovered in

Hamilton, Butler County, Ohio in possession of a firearm and 2.07 grams of methamphetamine.

{¶ 3} On June 6, 2016, the day after his arrest, Hixson was sentenced by Judge Michael A. Oster in Butler County Case No. CR2015-11-1648 to two years in prison. As part of this sentence, it is undisputed Hixson received 26 days of jail-time credit. Hixson did not file a transcript of his June 6, 2016 sentencing hearing with this court.

{¶ 4} On July 27, 2016, the Butler County Grand Jury returned a seven-count indictment against Hixson charging him with the various offenses that led to his June 5, 2016 arrest. This included the charges of aggravated possession of drugs and having weapons while under disability.

{¶ 5} On September 21, 2016, Hixson pled guilty to single counts of aggravated possession of drugs and having weapons while under disability in exchange for the remaining charges being dismissed. The trial court, Judge Craig A. Hedric presiding, accepted Hixson's plea and sentenced Hixson to one year in prison for each offense. As the record indicates, the sentence imposed for these offenses was to be run concurrent to each other, but consecutive to the two-year prison sentence imposed on June 6, 2016 by Judge Oster in Butler County Case No. CR2015-11-1648. The trial court also suspended Hixson's driver's license for a period of four years.

{¶ 6} Of relevance to this appeal is Hixson's request for jail-time credit. During the sentencing hearing before Judge Hedric, the following exchange occurred as it relates to whether Hixson was entitled to any jail-time credit from the date of his arrest on June 5, 2016 to his September 21, 2016 sentencing hearing:

> [DEFENSE COUNSEL]: Other than what we've already discussed, I believe his arrest date was June 5th, which would give him approximately 109 days of credit.
>
> THE COURT: On this charge or on – because he can't get credit

for both this and for Judge Oster.

[DEFENSE COUNSEL]: Well, he would ask for that; however, I believe he'd only get about 26 days of credit in Judge Oster's case.

THE COURT: Twenty-six days?

[DEFENSE COUNSEL]: Twenty-six days. And he was actually sentenced on June the 6th, and that was filed on June the 9th. And he's – his arrest date on this was June the 6th, so I think he is entitled. June the 5th. But I think he is entitled to almost all of that jail credit.

[THE STATE]: I'm not following that.

THE COURT: I'm not either.

[DEFENSE COUNSEL]: Well, he was – he was sentenced on June the 6th, the day after he was arrested on this case. * * * And he was given 24 days – 26 days of credit. So the time prior to that he was serving only Judge Oster's. And that time that he was arrested on this, I believe, except for, perhaps, four days, he would have been serving –

THE COURT: Okay.

{¶ 7} Continuing, Hixson's defense counsel then stated:

[DEFENSE COUNSEL]: Well, the entry says 26 days for Judge Oster's case, so he's been down here. He has not been up in ODRC, so I don't think he's going to get any credit up in –

THE COURT: Oh, sure he will. Absolutely he will.

[THE STATE]: He should.

THE COURT: Absolutely he will. Just because he's not in ODRC doesn't mean he's not going to get credit.

[DEFENSE COUNSEL]: Well, I guess, if it's a problem later, we can address it at a later date, after –

THE COURT: Yeah, obviously, he's going to get every day to which he's credit. But I'm not going to let him double-dip, get credit for both, especially since it's a consecutive sentence.

{¶ 8} Following this exchange, the trial court denied Hixson's request for any jail-time

credit and concluded by stating that "if the days' credit becomes an issue, by all means, he will get every day to which he's entitled, legally." Hixson now appeals from the trial court's decision denying his request for jail-time credit, raising the following single assignment of error for review.

{¶ 9} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN THE CALCULATION OF CREDIT FOR PRETRIAL CONFINEMENT.

{¶ 10} In his single assignment of error, Hixson argues the trial court erred by denying his request for jail-time credit. However, unlike his defense counsel below, Hixson merely alleges the trial court erred by failing to give him one day of jail-time credit for time served following his arrest on June 5, 2016 and the sentencing hearing conducted the following day on June 6, 2016 in Butler County Case No. CR2015-11-1648. We disagree with Hixson's claim.

{¶ 11} At first blush, it appears that Hixson may have a valid claim entitling him to an additional one day of jail-time credit. However, Hixson did not file a transcript or any other related material relating to his June 6, 2016 sentencing hearing with this court. Without this additional information, particularly the sentencing hearing transcript, we are unable to determine if the date in question, June 5, 2016, was included as part of the 26 days Hixson was credited with in Butler County Case No. CR2015-11-1648. This is fatal to Hixson's appeal.

{¶ 12} As this court has stated previously, "[t]he burden of affirmatively demonstrating error on appeal and substantiating one's arguments in support thereof falls upon the appellant." *State v. Fields*, 12th Dist. Brown No. CA2009-05-018, 2009-Ohio-6921, ¶ 7, citing *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 11. In turn, without a transcript or any other related materials to substantiate Hixson's claims, we must presume the regularity of the proceedings. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and

CA2013-07-113, 2014-Ohio-3449, ¶ 25. This is true even if an argument exists that can support an assignment of error for it is well-established that it is not this court's duty to root it out. *State v. Constable*, 12th Dist. Clermont No. CA2006-12-107, 2007-Ohio-6570, ¶ 6. Therefore, because Hixson failed to meet his burden of affirmatively demonstrating any error with the trial court's decision denying his request for jail-time credit, Hixson's single assignment of error lacks merit and is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.