[Cite as *State v. Tringelof*, 2017-Ohio-7657.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO, :

        Plaintiff-Appellee, :

        - vs - :

MICHAEL E. TRINGELOF, :

        Defendant-Appellant. :

CASE NOS. CA2017-03-015
               CA2017-03-016

O P I N I O N
9/18/2017


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2012 CR 00589 and 2012 CR 00590


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

George A. Katchmer, 1886 Brock Road, N.E., Bloomingburg, Ohio 43106, for defendant-appellant


**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Michael E. Tringelof, appeals from a decision of the Clermont County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons set forth below, we affirm the decision of the trial court.

{¶ 2} On August 1, 2012, appellant was indicted in Clermont County Common Pleas Case No. 2012 CR 00589 on one count of kidnapping, with a sexual motivation, in violation of R.C. 2905.01(B)(2), a felony of the first degree. That same day, appellant was indicted in

Clermont County Common Pleas Case No. 2012 CR 00590 on 15 counts of kidnapping, with a sexual motivation, in violation of R.C. 2905.01(B)(2), felonies of the first degree, nine counts of abduction in violation of R.C. 2905.02(A)(2), felonies of the third degree, and nine counts of endangering children in violation of R.C. 2919.22(B)(2), felonies of the third degree. The charges set forth in both indictments arose out of allegations that between 1998 and 2005, appellant lured eight children into the basement of his home in Milford, Clermont County, Ohio, restrained the victims, and, with sexual motivation, used sharp objects to poke the victims' feet. Appellant was also accused of electrocuting and shocking some of the victims with batteries and other items.

{¶ 3} On September 13, 2012, following plea negotiations, appellant pled guilty to one count of kidnapping in Case No. 2012 CR 00589 and seven counts of kidnapping in Case No. 2012 CR 00590 in exchange for the remaining counts being dismissed and an agreed 20-year sentence being imposed. The trial court accepted appellant's guilty plea and, on that same day, imposed the agreed 20-year sentence.[1] Appellant did not directly appeal his conviction or sentence.

{¶ 4} More than four years later, on December 14, 2016, appellant filed a motion to withdraw his guilty plea. In his motion, appellant argued his plea was not knowingly, intelligently, and voluntarily made because he did not subjectively understand the implications of his plea and the rights he was waiving due to his counsel's ineffective assistance. Specifically, appellant argued his counsel was ineffective for agreeing to the 20-year prison term as part of the plea negotiations without requesting that the trial court order and consider a presentence investigation report or psychological or medical testimony

---

1. Appellant was sentenced to ten-year prison terms on each of the kidnapping charges in Case No. 2012 CR 00590, to be run concurrently to one another, but consecutively to a ten-year prison term imposed on the kidnapping charge in Case No. 2012 CR 00589, for an aggregate prison term of 20 years.

relating to abuse appellant suffered as a child. Appellant contended that he told his counsel about the childhood abuse, and that "while it is arguable whether such information would have affected issues of guilt * * * it could potentially have affected sentencing." Attached to appellant's motion were letters from a prison program coordinator and a clinical psychologist stating that appellant had engaged in treatment and counseling in prison and was benefiting from the counseling. Appellant also attached his own affidavit, in which he averred that he told his attorney he was abused as a child but "this information was never utilized, even for sentencing purposes" and that he "would not have pled guilty if [he] had known that [he] could use such testimony in [his] defense and/or at [his] sentencing."

{¶ 5} The state filed a memorandum opposing appellant's motion, and a non-evidentiary hearing was held on February 2, 2017. Thereafter, on March 3, 2017, the trial court issued a decision denying appellant's motion. In rendering its decision, the trial court treated appellant's motion as both a motion to withdraw a guilty plea made pursuant to Crim.R. 32.1 and as a petition for postconviction relief made pursuant to R.C. 2953.21 and 2953.23. The court concluded that it "went through a full Crim.R. 11 colloquy" at the time appellant entered his guilty plea and that withdrawal of the plea was inappropriate as appellant "readily admit[ted] his guilt" to the underlying crimes and was unable to demonstrate a fundamental flaw in the proceedings that resulted in a miscarriage of justice or was inconsistent with the demands of due process. The court further determined that postconviction relief was inappropriate as appellant's petition was untimely and appellant failed to demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim for relief or that the United State Supreme Court recognized a new federal or state right that applied retroactively to his claim for relief.

{¶ 6} Appellant appealed, raising the following as his sole assignment of error:

{¶ 7} A PLEA THAT IS INVOLUNTARY, UNKNOWING AND UNINTELLIGENT

MUST BE VACATED AND A PLEA THAT IS INVOLUNTARY, UNKNOWING AND UNINTELLIGENT DUE TO THE INEFFECTIVENESS OF COUNSEL MUST BE VACATED.

{¶ 8} In his sole assignment of error, appellant argues the trial court erred by denying his motion to withdraw his plea. Appellant maintains that his plea was not knowingly, intelligently, and voluntarily made because he received ineffective assistance of counsel.

{¶ 9} Prior to addressing appellant's arguments, we first note that we find no error in the trial court's decision to consider appellant's motion both as a motion to withdraw a guilty plea made pursuant to Crim.R. 32.1 and as a petition for postconviction relief made pursuant to R.C. 2953.21 and 2953.23. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged." *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, ¶ 12. As the trial court considered appellant's motion under both Crim.R. 32.1 standards and postconviction relief standards, we will likewise review appellant's assigned error under both standards.

**Motion to Withdraw Guilty Plea**

{¶ 10} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." A defendant who seeks to withdraw a guilty plea after the imposition of a sentence has the burden of establishing the existence of a manifest injustice. *State v. Williams*, 12th Dist. Clermont No. CA2012-08-060, 2013-Ohio-1387, ¶ 11, citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. To prove a manifest injustice, the defendant must show a "fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. This sets forth an extremely high standard that is allowable only in extraordinary cases. *State v. Sturgill*, 12th

- 4 -

Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 9.

{¶ 11}   A trial court is not required to hold an evidentiary hearing on every post-sentence motion to withdraw a guilty plea.  *State v. Degaro*, 12th Dist. Butler No. CA2008-09-227, 2009-Ohio-2966, ¶ 13.  "A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion."  *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 12}   "A trial court's decision regarding a post-sentence motion to withdraw a guilty plea is reviewed on appeal under an abuse of discretion standard."  *State v. Rose*, 12th Dist. Butler No. CA2010-03-059, 2010-Ohio-5669, ¶ 15.  An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.  *State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 14.

{¶ 13}   "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily, and the failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution."  *State v. Butcher*, 12th Dist. Butler No. CA2012-10-206, 2013-Ohio-3081, ¶ 8.  "To ensure that a defendant's plea is entered knowingly, intelligently, and voluntarily, the trial court must engage the defendant in a colloquy pursuant to Crim.R. 11(C)."  *State v. Mosley*, 12th Dist. Warren No. CA2014-12-142, 2015-Ohio-3108, ¶ 6.  The trial court must strictly comply with Crim.R. 11(C)(2)(c), which requires the court to verify the defendant understands the constitutional rights he is waiving.  *Id.* at ¶ 8.  The court must also substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b), which includes notification of the maximum penalty involved.  *Id.*

{¶ 14}   In the present case, appellant failed to provide the court with the transcript of

- 5 -

proceedings from the September 13, 2012 plea hearing. The duty to provide a transcript falls upon appellant since he bears the burden of showing error by reference to matters in the record. *State v. Gregory*, 12th Dist. Clinton No. CA2006-05-016, 2006-Ohio-7037, ¶ 3; App.R. 9. As appellant did not provide a transcript, we must presume regularity in the plea proceedings. *See State v. Hixson*, 12th Dist. Butler No. CA2016-10-191, 2017-Ohio-2732, ¶ 12. We therefore find no error in the trial court's determination that it "went through a full Crim.R. 11 colloquy" in which it explained the nature of the charges, the potential maximum penalty, and the constitutional rights appellant was waiving by pleading guilty, thereby rendering appellant's plea knowing, intelligent, and voluntary.

{¶ 15} Appellant also argues that his plea was not knowingly, intelligently, or voluntarily made because he received ineffective representation by his trial counsel. Appellant contends his trial counsel was deficient for not informing the trial court of the abuse appellant suffered as a child and for agreeing to the 20-year prison term as part of plea negotiations. Appellant maintains he was prejudiced by trial counsel's actions as he "would not have pled guilty if [he] had known [he] could use such testimony in [his] defense and/or at [his] sentencing."

{¶ 16} "Ineffective assistance of counsel is a proper basis for seeking a post-sentence withdrawal of a guilty plea." *State v. Worthington*, 12th Dist. Brown No. CA2014-12-022, 2015-Ohio-3173, ¶ 16. When an alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show (1) that his counsel's performance was deficient and (2) that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty. *Id.*, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). "The proponent of an ineffective assistance claim must establish both elements to warrant relief." *State v. Robinson*, 12th Dist. Butler No. CA2014-12-256, 2015-Ohio-4649, ¶ 48.

{¶ 17}  As we have consistently stated, trial counsel's advice to take a plea deal is not ineffective assistance of counsel.  *Robinson*, 2013-Ohio-5672 at ¶ 23; *Sturgill*, 2015-Ohio-1933 at ¶ 20.  Appellant was indicted on 34 felony counts.  If convicted of these offenses, appellant faced more than 170 years in prison.  Trial counsel was able to negotiate a plea that significantly benefited appellant.  Twenty-six felony counts were dismissed and appellant received an agreed prison sentence of 20 years as a result of his attorney's negotiations.  Trial counsel's performance was not deficient for recommending that appellant accept the guilty plea, rather than risking a trial that could have resulted in numerous guilty verdicts and the possibility of consecutive sentences totaling over 170 years.

{¶ 18}  Even assuming defense counsel had knowledge that appellant had been abused as a child, we do not find counsel was deficient in advising appellant to accept the plea deal.  Evidence of appellant's childhood abuse would not have been relevant or admissible at trial.  *See, e.g., State v. Napier*, 12th Dist. Clermont No. CA2016-04-022, 2017-Ohio-246, ¶ 23-24.  Disclosure of the abuse at sentencing would have been but one consideration for the trial court in imposing sentence.  R.C. 2929.12(C)(4) permits a court to consider "substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense," in determining whether an offense is "less serious than conduct normally constituting the offense."  However, nothing appellant submitted in support of his motion indicates the abuse he suffered as a child was a contributing factor to his commission of the offenses.  The letters from the prison program coordinator and the clinical psychologist do not mention or discuss appellant's childhood abuse or express an opinion regarding the abuse as a causative or mitigating factor for appellant's offenses.

{¶ 19}  Trial counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment.  *Worthington*, 2015-Ohio-3173 at ¶ 16.  This is particularly true here, considering appellant acknowledged in his

written guilty plea form that he was "satisfied with [his] attorney's advice, counsel, and competence." We therefore conclude that trial counsel did not provide ineffective assistance.

{¶ 20} Accordingly, we find that the trial court did not abuse its discretion in denying appellant's request to withdraw his guilty plea as appellant failed to establish the existence of a manifest injustice. Denial of appellant's motion to withdraw his guilty plea was proper as appellant received effective representation by his trial counsel and his guilty plea was knowingly, intelligently, and voluntarily entered.

### Petition for Postconviction Relief

{¶ 21} We also find no error in the trial court's denial of appellant's motion on the basis that it was an untimely petition for postconviction relief.

{¶ 22} A postconviction proceeding is not an appeal of a criminal conviction, but rather, is a collateral civil attack on a criminal judgment. *State v. Dillingham,* 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8. R.C. 2953.21 through R.C. 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief. *State v. Hibbard*, 12th Dist. Butler No. CA2013-03-051, 2014-Ohio-442, ¶ 21. "A trial court's decision to summarily deny a postconviction petition without holding an evidentiary hearing pursuant to R.C. 2953.21(C) will not be reversed absent an abuse of discretion." *State v. Simon*, 12th Dist. Butler No. CA2014-12-255, 2015-Ohio-2989, ¶ 11.

{¶ 23} R.C. 2953.21 sets forth the general postconviction relief protocol and provides that such petitions must be filed no later than 365 days after the date on which the trial transcript is filed with the court of appeals in the direct appeal, or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been

filed. R.C. 2953.21(A)(2).[2] Here, appellant waited to file his petition until December 14, 2016, which is well outside the deadline prescribed by R.C. 2953.21(A)(2). Appellant's petition is, therefore, untimely.

{¶ 24} Although untimely, R.C. 2953.23(A)(1)(a) permits a trial court to entertain a petition so long as the petitioner demonstrates either that (1) he was unavoidably prevented from discovering the facts necessary for the claim for relief or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation and petitioner asserts a claim based on that right. *Worthington*, 2015-Ohio-3173 at ¶ 44. If the petitioner is able to satisfy one of these threshold conditions, he must then demonstrate by clear and convincing evidence that, but for the constitutional error, no reasonable fact-finder would have found him guilty of the offense for which he was convicted. R.C. 2953.23(A)(1)(b).

{¶ 25} Appellant has failed to demonstrate either that he was unavoidably prevented from discovering his claim for relief or that his claim arises out of a newly recognized federal or state right, as contemplated by R.C. 2953.23(A)(1)(a). Appellant's affidavit and the letters attached to his petition do not set forth sufficient operative facts establishing substantive grounds for relief. Rather, appellant's affidavit demonstrates that his history of childhood abuse and trial counsel's decision not to present such information at a trial or at sentencing was known to appellant on the day he entered his guilty plea and was sentenced.

{¶ 26} Furthermore, with respect to the requirement set forth in R.C. 2953.23(A)(1)(b), appellant has failed to show that but for his trial counsel's ineffective assistance, no reasonable fact-finder would have found him guilty of the offenses for which he was

---

2. R.C. 2953.21(A)(2) was amended, effective March 23, 2015, to provide 365 days, rather than 180 days, for the filing of a petition for postconviction relief. *See* 2014 Sub.H.B. No. 663. Under either deadline, appellant's motion is untimely.

convicted. As discussed above, appellant failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. Ineffective assistance of counsel, therefore, cannot serve as the substantive ground for appellant's petition for postconviction relief. *See* R.C. 2953.23(A)(1)(b); *Worthington* at ¶ 51.

{¶ 27} Accordingly, having reviewed the record, we find that the trial court did not abuse its discretion in summarily denying appellant's petition for postconviction relief without holding an evidentiary hearing. Appellant's petition was untimely and failed to set forth substantive facts supporting a claim for relief on constitutional grounds.

{¶ 28} As the arguments set forth in appellant's sole assignment of error are without merit, the assignment of error is hereby overruled.

{¶ 29} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.