[Cite as *State v. Chandler*, 2019-Ohio-2080.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-058 |
| | : | O P I N I O N |
| - vs - | | 5/28/2019 |
| | : | |
| LATISHA A. CHANDLER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018TRC08860

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

Alexander, Wagner & Kinman, Maxwell D. Kinman, 423 Reading Road, Mason, Ohio 45040, for appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Latisha A. Chandler, appeals from her conviction in the Clermont County Municipal Court following her guilty plea to operating a vehicle while under the influence of alcohol or drugs ("OVI"). For the reasons discussed below, we affirm her conviction.

{¶ 2} On June 11, 2018, appellant was charged with one count of OVI in violation of R.C. 4511.19(A)(1)(a), one count of OVI in violation of R.C. 4511.19(A)(1)(d), and one count

of failing to drive within marked lanes in violation of R.C. 4511.33. The charges arose out of allegations that appellant operated a motor vehicle in Union Township, Ohio with a blood alcohol concentration of .204.

{¶ 3} On July 10, 2018, appellant pled guilty to one count of OVI in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, in exchange for the remaining charges being dismissed. Before accepting appellant's guilty plea, the trial court advised appellant of the consequences of her plea, the rights she was waiving by pleading guilty, and the possible penalties that could be imposed as a result of her guilty plea. Regarding the possible penalties she faced, the court advised appellant as follows:

> THE COURT: All right. Now, ma'am, if you're found guilty of this offense, *have you discussed with your attorney what the possible penalties are*?
>
> [APPELLANT]: *Yes.*
>
> THE COURT: And you know there are some mandatory penalties, a mandatory three days in jail or three days residential driver's intervention program?
>
> [APPELLANT]: I asked for the three days in jail.
>
> THE COURT: Huh?
>
> [APPELLANT]: Three days in jail.
>
> THE COURT: Okay. That's what you want to do?
>
> [APPELLANT]: And get it over with.
>
> THE COURT: And you also understand there's a mandatory license suspension of the minimum of one year to a maximum of three years, and there's a mandatory fine, a minimum of $375 to a maximum of $1,075. You could also be ordered to have drug and alcohol treatment, followed up with any assessment – recommendations after an assessment. You could be ordered to have a restrictive license plate *and you could be ordered to have an ignition interlock device on any vehicle if you get privileges*. And lastly, you could be placed on community control for up to five years with sanctions. *Do you understand those possible penalties?*

[APPELLANT]: *Yes.*

(Emphasis added.)

{¶ 4} The trial court accepted appellant's guilty plea and immediately proceeded to sentencing. The court heard from appellant's trial counsel, the state, and appellant. Appellant's counsel requested appellant be sentenced to three days in jail instead of being ordered to attend the residential driver's intervention program, asked the court not to impose community service on appellant due to her busy schedule, and requested certain driving privileges that had already been granted to appellant be continued and expanded to allow appellant to travel to work and take her ailing mother to various medical appointments. The state opposed appellant being granted additional driving privileges. After considering the principles and purposes of sentencing, the trial court sentenced appellant to 120 days in jail, with 117 days suspended, two years of nonreporting community control, eight hours of community service, and a $375 fine. Appellant's license was suspended for one year but she was given driving privileges for work, to attend a CRC assessment and any follow-up, to attend community service activities, and for family medical purposes, which the court specified included taking her mother to medical appointments. The court ordered that an ignition interlock device be placed on any vehicle appellant used while exercising her driving privileges.

{¶ 5} Appellant timely appealed her conviction, raising the following as her only assignment of error:

{¶ 6} THE TRIAL COURT'S JUDGMENT OF CONVICTION SHOULD BE SET ASIDE FOR INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 7} In her sole assignment of error, appellant contends her plea was not voluntarily, knowingly, and intelligently entered as she was "unable to properly consider the implications

- 3 -

of a guilty plea as counsel assisting her was ineffective." Specifically, appellant contends her trial counsel was ineffective for failing to advise her of the possibility that an interlock device would be required for driving privileges and for failing to negotiate a jointly recommended sentence with the state to exclude the use of the interlock device.[1]

**{¶ 8}** "A plea of guilty waives the right to claim that one was prejudiced by ineffective assistance of counsel, except to the extent that such ineffective assistance made the plea less than knowing, intelligent, and voluntary." *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 33. The alleged ineffective assistance of counsel must be apparent from the record on appeal. *State v. Cooperrider*, 4 Ohio St.3d 226, 228 (1983). "Any allegations of ineffectiveness based on facts not appearing in the record should be reviewed through * * * postconviction remedies." *State v. Coleman*, 85 Ohio St.3d 129, 134 (1999).

**{¶ 9}** To prevail on an ineffective assistance of counsel claim, appellant must establish that (1) her trial counsel's performance was deficient and (2) she was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Strickland* at 688. To show prejudice, appellant must establish that, but for her trial counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland* at 694. Therefore, within the context of a guilty plea, appellant must demonstrate that there is a reasonable probability that, but for counsel's errors, she would not have pled guilty. *State v. Xie*, 62 Ohio St.3d 521, 524 (1992), citing

---

1. Appellant's counsel also argues that appellant should be permitted to withdraw her guilty plea pursuant to Crim.R. 32.1 and urges this court to consider factors supporting withdrawal of the plea. However, as a motion seeking withdrawal of appellant's guilty plea was not filed at the trial court level, we will not address the merits of appellant's Crim.R. 32.1 arguments on appeal. *See, e.g., State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 24 (noting that it is "well-settled that issues not raised in the trial court may not be raised for the first time on appeal").

*Strickland.* An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 10} As this court has repeatedly recognized, "trial counsel's advice to take a plea deal is not ineffective assistance of counsel." *State v. Tringleof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 17. *See also State v. Robinson*, 12th Dist. Butler No. CA2013-05-085, 2013-Ohio-5672, ¶ 23; *State v. Sturgill*, 12th Dist. Clermont No. CA2014-09-066, 2015-Ohio-1933, ¶ 20. "Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *McMahon*, 2010-Ohio-2055 at ¶ 35, citing *Strickland* at 690.

{¶ 11} Appellant claims counsel was ineffective for failing to advise her that as part of her sentence the court could order an interlock device be placed on any car she operated. After reviewing the record, we find no merit to appellant's argument. Contrary to appellant's assertions on appeal, the transcript from the July 10, 2018 hearing indicates that appellant answered affirmatively when asked by the court whether her counsel had "discussed * * * what the possible penalties [were]" for pleading guilty to first-degree misdemeanor OVI. Furthermore, appellant was specifically advised by the trial court before she entered her plea that she "could be ordered to have an ignition interlock device on any vehicle" if she received driving privileges. Appellant, therefore, cannot establish either prong of her ineffective assistance of counsel claim.

{¶ 12} Appellant also argues trial counsel was ineffective for failing to negotiate a jointly recommended sentence with the state to exclude the use of the interlock device. We find no merit to appellant's argument as appellant cannot establish the prejudice prong of her ineffective assistance claim. A defendant "cannot demonstrate prejudice from the failure to negotiate an agreed or recommended sentence, because a trial court is not restricted by a

- 5 -

sentencing recommendation." *State v. Hayes*, 10th Dist. Franklin No. 08AP-233, 2009-Ohio-1100, ¶ 26, citing *State v. Zamora*, 3d Dist. Paulding Nos. 11-07-04 and 11-07-05, 2007-Ohio-6973, ¶ 19; *State v. McGhee*, 3d Dist. Shelby No. 17-06-05, 2006-Ohio-5162, ¶ 24; and *State v. Lamson*, 5th Dist. Muskingum No. CT06-0064, 2007-Ohio-3098, ¶ 8.

{¶ 13} Accordingly, we find that appellant has failed to demonstrate that she received ineffective representation by her trial counsel or that counsel's representation made her plea unknowing, unintelligent or involuntary. Appellant's plea was entered after the trial court complied with Crim.R. 11(E) and after counsel and the trial court advised appellant of the potential penalties that could be imposed as a result of her OVI conviction. Appellant's sole assignment of error is, therefore, overruled.

{¶ 14} Judgement affirmed.

S. POWELL and PIPER, JJ., concur.