[Cite as *State v. Johnson*, 2021-Ohio-3962.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2021-02-008 |
| | : | O P I N I O N |
| - vs - | | 11/8/2021 |
| | : | |
| RONALD G. JOHNSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20050196


Ronald G. Johnson, pro se.


**BYRNE, J.**

{¶1} Ronald Johnson appeals the decision of the Fayette County Court of Common Pleas, which denied his postconviction motion to withdraw his guilty plea and vacate his sentence. For the reasons explained below, we affirm the trial court's decision.

{¶2} In 2005, a Fayette County grand jury indicted Johnson for receiving stolen property, failing to comply, and obstructing official business. Johnson subsequently pleaded guilty to the counts of the indictment. In April 2006, the Fayette County Court of Common Pleas sentenced Johnson to an aggregate prison term of three years, to be served

consecutively to other prison terms that Johnson was then serving. In fact, Johnson had been sentenced to multiple prison terms by multiple courts for crimes committed in multiple counties. We need not review the lengthy history of Johnson's various prison terms here.

{¶3} In August 2020, Johnson moved the Fayette County court to (1) permit him to withdraw his guilty plea, (2) declare his judgment "satisfied," and (3) vacate an unauthorized "double 3-year" sentence. In substance, Johnson argued that he entered into a plea agreement calling for an agreed sentence of three years in prison on the Fayette County charges, but claimed to have served six years on those charges. He claimed he served one three-year term beginning March 28, 2006 and ending March 25, 2009. He claimed to have served a second three-year term beginning August 30, 2012 and ending August 30, 2015.

{¶4} In support, Johnson cited a 2020 affidavit from Carla Black, an auditor/supervisor with the Ohio Bureau of Sentence Computation (OBSC). Johnson further attached 2012 and 2015 letters written by OBSC auditor Lora Heiss. Finally, Johnson included a 2007 letter from OBSC employee named "Mr. D. Hawke."

{¶5} In October 2020, the state filed its memorandum in opposition. With respect to the motion to withdraw his guilty plea, the state argued that Johnson had not established a "manifest injustice" as required by Crim.R. 32.1. In this regard, the state noted that the court's April 2006 sentencing entry accurately reflected the correct three-year sentence. The state further noted that Johnson's own supporting materials demonstrated that he only served one three-year prison term on the Fayette County charges. For the same reasons, the state argued that Johnson's motion for a satisfied judgment and vacation of his sentence lacked merit.

{¶6} In December 2020, Johnson moved to "strike state's response." Johnson asked the court to strike the state's memorandum in opposition because of a claimed failure

of service. He stated that his "proof" of lack of service was that the docket did not reflect a certification of service by the clerk of courts. He additionally asked the court to strike the state's response because it presented an "insufficient defense" to his August 2020 motion. The "motion to strike" included a reply memorandum in support of his August 2020 motion.

{¶7} In January 2021, the trial court issued its decision. The court found that Johnson failed to establish grounds to support his August motion. The court indicated its understanding that Johnson was arguing that he served a six-year sentence rather than the agreed upon three-year sentence. The court noted that it reviewed all the materials Johnson submitted as well as the entire record of the case. The court specifically noted that the Carla Black affidavit reflected that the OBSC had correctly processed the court's judgment entry, which imposed a three-year sentence. Johnson appeals, raising four assignments of error.

{¶8} Assignment of Error No. 1:

{¶9} TRIAL COURT DID ABUSE ITS DISCRETION WHEN IT FAILED TO ALLOW THE APPELLANT RONALD G JOHNSON TO WITHDRAW THE PLEA UNDER CRIM.R. 32.1 ON THE CLEARLY & CONVINCINGLY ESTABLISHED VOID SENTENCE. FAILING TO HOLD A MANDATED HEARING. RESULTING IN PREJUDICE REVERSABLE ERROR. [SIC]

{¶10} In his first assignment of error, Johnson argues that the court erred in not allowing him to withdraw his guilty plea. He argues that he was entitled to withdraw his plea based upon a void sentence, which he states was the alleged second three-year term he served on the Fayette County charges from 2012 to 2015.

{¶11} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea." In such a motion, the defendant bears the burden of proving he suffered a manifest injustice. *State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 10. A manifest injustice is a "fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the demands of due process." *State v. Hobbs*, 12th Dist. Warren No. CA2012-11-117, 2013-Ohio-3089, ¶ 9. Thus, the manifest injustice standard is "an extremely high standard that is allowable only in extraordinary cases." *State v. Miller*, 12th Dist. Clermont No. CA2016-08-057, 2017-Ohio-2801, ¶ 15. This court reviews a decision on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Johnson*, 12th Dist. Butler No. CA2016-07-128, 2017-Ohio-4116, ¶ 10.

{¶12} Assuming only for the sake of argument that what Johnson alleges is true, i.e., that he in fact served six years on the Fayette County charges rather than the three years to which he was sentenced, this would not support the granting of a motion to withdraw a guilty plea. Johnson is not alleging any "fundamental flaw" in the proceedings that resulted in him entering a guilty plea. He does not argue innocence or the deprivation of any right to a fair trial or due process prior to entering his plea. Instead, he argues that an error occurred in the way OBSC calculated his sentence, which would necessarily have occurred *after* he entered his plea. The error he alleges had no effect on the validity of his plea.

{¶13} Regardless, we have closely reviewed the affidavit and letters Johnson cites in support of his argument. None establish that Johnson served six years on the Fayette County charges. The 2020 affidavit from auditor Clara Black thoroughly explains the history and computation of Johnson's incarceration. The affidavit accurately states that he was sentenced to three years confinement on the Fayette County charges, which were to be served consecutively to numerous other charges, and which resulted in a maximum

expiration date of August 30, 2015.

{¶14} The 2012 letter from OBSC auditor Heiss also explains the computation of Johnson's time served in prison. The Heiss letter accurately reflects a three-year prison term imposed for the Fayette County charges which ran consecutive to prior charges. A second letter from Heiss, written in 2015, more thoroughly explains the history of Johnson's incarceration.

{¶15} The 2007 letter from Mr. Hawke refers to the Fayette County charges, and again, accurately states that a three-year sentence was imposed consecutive to his other sentences, resulting in a new maximum expiration date of August 30, 2015.

{¶16} If Johnson in fact served six years on the Fayette County charges, it should be a simple matter of explaining to this court how that occurred and presenting the calculation of time spent in prison on the various offenses. Yet Johnson never does. Instead, he simply makes conclusory statements about having served two terms and then refers to various documents that do not support his claim. Johnson has not established a manifest injustice with respect to his plea and therefore the court did not abuse its discretion in denying his request to withdraw his guilty plea. We overrule Johnson's first assignment of error.

{¶17} Assignment of Error No. 2:

{¶18} TRIAL COURT DID ABUSE IT'S DISCRETION WHEN IT FAILED TO RENDER A RULING ON THE PENDING MOTIONS TO STRIKE UNDER CIVIL RULE 12(F) BEFORE "OVERRULING THE POST-CONVICTION MOTIONS. FAILING TO TAKE JUDICIAL NOTICE OF THE BEST IN CLASS WRITTEN, VERIFIED BY SIGNATURE, INSTRUMENT DOCUMENTS ATTACHED TO THE MOTIONS TO STRIKE. RESULTING IN PREJUDICE REVERSIBLE ERROR. [SIC]

{¶19} Johnson argues that the court erred by not striking the state's memorandum

in opposition to his August 2020 motion because of an alleged failure of service. Johnson's motion to strike offered no purported evidence of a failure of service other than a reference to the clerk of courts' docket. He cited no evidence in support of this claim in his appellate brief. The prosecutor certified in the state's memorandum that a copy was delivered to Johnson.

{¶20} Regardless, even if the state failed to serve Johnson with its response, given the analysis set forth in response to the first assignment of error, Johnson cannot demonstrate prejudice. As stated, the materials Johnson submitted do not support the argument that he served six years on the Fayette County charges. As such, whether the state served him with its responsive pleading or not is irrelevant.

{¶21} Even if there was some prejudice to Johnson because of a failure of service, Johnson did include a reply memorandum in support of his August 2020 motion with his "motion to strike." Thus, he did, at some point, receive a copy of the state's response to his August 2020 motion and was then able to file a reply in support. The trial court issued its decision two months after Johnson's motion to strike/reply memorandum. The court presumably reviewed Johnson's reply arguments before issuing its decision. We overrule Johnson's second assignment of error.

{¶22} Assignment of Error No. 3:

{¶23} TRIAL COURT DID ABUSE ITS DISCRETION WHEN IT FAILED TO CONSIDER THE MOTION TO WITHDRAW PLEA UNDER CRIM.R. 32.1 AS A PRE-SENTENCE MOTION ON THE CLEARLY & CONVINCINGLY ESTABLISHED BY BEST IN CLASS WRITTEN INSTRUMENT EVIDENCE "VOID" SENTENCE OF FAYETTE CO. #CRI 2005 0196 JUDGMENT OF CONVICTION. RESULTING IN PREJUDICE REVERSABLE ERROR. [SIC]

{¶24} Assignment of Error No. 4:

{¶25} TRIAL COURT DID ABUSE ITS DISCRETION BY FAILING TO ORDER THE FAYETTE COUNTY CASE NO. #CRI 20050196 FULLY SATISFIED AND LEGALLY NULL WITH 3-YEARS OF STATE PRISON CONFINEMENT SERVED FROM 3/28/2006 UNTIL TERM EXPIRED ON 3/25/2009. FACTUALLY ESTABLISHED ON BEST IN CLASS WRITTEN INSTRUMENT EVIDENCE WHICH IS UNDISPUTABLE. ORDERING THE ODRC IMPOSE 3-YEAR "ADDED" TERM VACATED AS UNAUTHORIZED BY LAW. WHICH DID RESULT IN PREJUDICE REVERSABLE ERROR. [SIC]

{¶26} In substance, Johnson argues in his third and fourth assignments of error that the common pleas court erred by ignoring his "best in class" evidence demonstrating that he served six years on the Fayette County charges and that the sentence should be declared satisfied and void. He also again argues that the court should have granted his motion to withdraw his guilty plea because of a void sentence. However, as described previously, Johnson's evidence does not support his argument that he served a six-year sentence on the Fayette County charges. We overrule Johnson's third and fourth assignments of error.

{¶27} Judgment affirmed

PIPER, P.J., and HENDRICKSON, J., concur.